[Cite as *Abruzzino v. Brown*, 2025-Ohio-438.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

VITO J. ABRUZZINO,

Plaintiff-Appellee,

v.

TERRY BROWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CO 0021

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2023 CV 503

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor and *Atty. Krista R. Peddicord,* Assistant Prosecutor, for Plaintiff-Appellee

Terry Brown, Pro se, Defendant-Appellant

Dated:  February 6, 2025

**WAITE, J.**

{¶1}    Appellant Terry Brown appeals a May 7, 2024 judgment of the Columbiana County Court of Common Pleas designating him a vexatious litigator pursuant to R.C. 2323.52(D)(1).  Appellant raises several arguments challenging the process used when assigning a judge to preside over his proceedings, and in ultimately determining the merits of the complaint.  For the reasons that follow, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2}    This appeal stems from an appellate decision originally released by this Court in 2019, *State v. Brown,* 2019-Ohio-2717 (7th Dist.).  The original appeal involved an incident where Appellant and his girlfriend planned to rob drugs from a friend while he slept in a chair at Appellant's residence, and then kill him.  *Id.* at ¶ 2.  Appellant and his girlfriend carried out their plan and then dismembered the body.  Appellant pleaded guilty to aggravated murder with an attendant firearm specification, aggravated robbery, abuse of a corpse, and tampering with evidence.  Charges of murder and complicity to commit aggravated murder were dismissed.  Appellant unsuccessfully attempted to withdraw his plea, which was the subject of his first appeal to this Court.

{¶3}    Thereafter, Appellant continued his attack on his conviction with twenty-two filings and writs directed to the trial court, this Court, and the Ohio Supreme Court.  In each of these, Appellant sought further discovery related to his case or to have authorities pursue the arrest of various persons involved in his criminal investigation, prosecution, and conviction.  None of these filings were successful.

{¶4} On November 6, 2023, the state filed a complaint in the Columbiana County Court of Common Pleas seeking to have a court classify Appellant as a vexatious litigator. Appellant filed a response admitting he had engaged in this legal barrage, but attempting to defend his multiple filings also seeking summary judgment. Appellant's motion to dismiss the complaint was denied. On March 29, 2024, the state filed a motion for summary judgment and Appellant filed a response. On May 7, 2024, the court granted the state's motion and designated Appellant as a vexatious litigator. This timely appeal followed.

## ASSIGNMENT OF ERROR NO. 1

Whether the trial court erred by both not dismissing the R.C. 2323.52 complaint based on judicial bias and allowing the proceedings to continue violating due process[.]

{¶5} We begin by noting that it is apparent Appellant is entirely confused, here, both as to the issue in this appeal and our standard of review. In his disjointed and confusing arguments throughout his brief Appellant seeks to attack aspects of his court proceedings that lead to his plea and conviction. However, the only issue before the Court is his appeal of the determination that Appellant is a vexatious litigator due to his multiple filings in multiple courts, none of which had support in the law.

{¶6} Again, summary judgment was granted to the state in this matter. Hence, our review of this decision is de novo, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine

issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603 (8th Dist. 1995).

{¶7} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386 (8th Dist. 1997).

{¶8} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

{¶9} In this assignment, however, Appellant is attempting to raise a constitutional due process challenge, and confusingly claims it is reviewed for an abuse of judicial discretion. In failing to either dismiss the complaint or grant him summary judgment, Appellant claims the trial court continued to violate Appellant's due process rights. In so doing, Appellant demonstrates his failure to comprehend the nature of a due process claim and the legal requirements once summary judgment has been requested.

{¶10} Appellant also appears confused by the statutory process of designating him as a vexatious litigator. He claims the state intentionally filed its complaint in Judge Megan Bickerton's court, believing they would have an advantage due to Judge Bickerton's former employment at the Columbiana Prosecutor's Office. This reveals Appellant also fails to understand the administrative process of the court system. A litigant may not choose which judge is assigned to a given case. Instead, once a legal matter is filed in the appropriate jurisdiction, the administrative judge is tasked with assigning cases to individual judges of the court. Sup.R. 36. This process was followed, here, as Columbiana County Common Pleas Court is clearly the appropriate forum for the state's complaint. Thus, it was not the state, but the administrative judge of the Columbiana County Court of Common Pleas who initially assigned the complaint seeking to have Appellant declared a vexatious litigator to Judge Bickerton.

{¶11} A review of the docket in this matter reveals that Judge Bickerton was assigned the case on November 6, 2023, the same date the complaint was filed. Judge Bickerton's name is stamped on a blank next to the word "JUDGE."

{¶12} On November 22, 2023, Appellant filed a *pro se* motion to disqualify the judge based on her prior employment with the prosecutor's office. On November 27,

2023, Judge Bickerton filed a judgment entry recusing from the case and requesting the administrative judge to re-assign the matter. Again, this record establishes that it was not the state who controlled the assignment of the judge in this case, and there was nothing inappropriate in this assignment or reassignment.

{¶13} On December 4, 2023, Appellant filed his *pro se* answer to the state's complaint. Judge Bickerton's name was removed from Appellant's filing, presumably by the clerk. We note that on December 14, 2023, the Ohio Supreme Court filed an entry through Chief Justice Sharon Kennedy seeking response by Judge Bickerton to Appellant's earlier-filed affidavit of disqualification. However, unknown to the Ohio Supreme Court, Judge Bickerton had already recused approximately three weeks prior to this request.

{¶14} On December 22, 2023, Judge Washam, who was the administrative judge, filed an entry noting Judge Bickerton's recusal and that, as he had previously recused himself from a matter involving Appellant, he intended to recuse from this matter, as well. As no Columbiana County Court of Common Pleas judge was, then, able to hear the matter, a visiting judge was requested.

{¶15} On December 28, 2023, a judgment entry noting the assignment of the case to Judge Edward E. O'Farrell (retired) was filed. The next day, the Ohio Supreme Court, through Chief Justice Kennedy, filed a judgment entry noting the request for disqualification of Judge Bickerton was moot, as she had previously recused.

{¶16} Appellant incorrectly believes that, prior to recusal, Judge Bickerton "signed and issued the summons on complaint." (Appellant's Brf., p. 6.). As this action was purely administrative, had the judge actually done so it would have been entirely appropriate,

since such action was merely intended to formally move the complaint along in the process, and involved no discretionary act. We note, however, that this action is normally undertaken by the clerk of court, even if in the name of a judge. Regardless, Appellant contends, with absolutely no factual or legal support: "For not dismissing the complaint immediately, the trial court violated Appellants [sic] Constitutional right to due process and abused its discretion." (Appellant's Brf., p. 6.)

**{¶17}** Appellant also states that when a judge had "significant, personal involvement as a prosecutor" in a defendant's case, failure to recuse as a judge from the defendant's appeal results in a due process violation. (Appellant's Brf., pp. 6-7.). This may be an accurate statement of the law, but neither Judge Bickerton nor Judge Washam attempted to preside over Appellant's appeal. Nor does Appellant at any time provide evidence that they engaged in any substantive decision-making over any matter involved in this case at the common pleas level, as both recused. Appellant does not allege bias on the part of the visiting judge, the only trial judge who did engage in substantive decision-making in his case.

**{¶18}** Appellant, somewhat inarticulately, contends that some alleged bias on the part of two common pleas judges somehow tainted the proceedings in this case. He conflates this contention into a constitutional violation. Appellant has provided absolutely no factual or legal support for his claims. As both recused, even if Appellant's unsupported claims of bias had any validity (and we can find none), this record reveals that these judges had no involvement with the case other than to recuse. Appellant's first assignment has no merit and is overruled.

Case No. 24 CO 0021

## ASSIGNMENT OF ERROR NO. 2

Whether the trial court erred and abused its discretion in granting Appellee judgement [sic] after Appellees['] obvious abuse of the process in order file [sic] the R.C. 2323.52 complaint.

{¶19} Appellant contends that the visiting judge erred by also failing to dismiss the case and grant judgment in his favor due to his belief that the state abused the legal process. Appellant claims the state misrepresented the standard found within R.C. 2323.52 by requesting that Appellant be prevented from filing any further matter "in ANY OHIO COURT." (Appellant's Brf., p. 9.) According to Appellant, at most, he could only be barred from filing in common pleas court, the court of claims, municipal court, or county court.

{¶20} We again note that Appellant relies on the abuse of discretion standard. However, we review this matter de novo, as it was before the trial court on competing motions for summary judgment.

{¶21} The law regarding a vexatious litigator is found within R.C. 2323.52. Subsection (D) of that statute provides:

(1) If the person alleged to be a vexatious litigator is found to be a vexatious litigator, subject to division (D)(2) of this section, the court of common pleas may enter an order prohibiting the vexatious litigator from doing one or more of the following without first obtaining the leave of that court to proceed:

(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court;

(b) Continuing any legal proceedings that the vexatious litigator had instituted in any of the courts specified in division (D)(1)(a) of this section prior to the entry of the order;

(c) Making any application, other than an application for leave to proceed under division (F)(1) of this section, in any legal proceedings instituted by the vexatious litigator or another person in any of the courts specified in division (D)(1)(a) of this section.

. . .

(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator had instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator or another person in a court of appeals without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section.

{¶22} The trial court had no basis on which to dismiss the complaint in this matter. Regardless of the relief sought in the state's complaint, the trial court applied the correct

law and standard. In the court's May 7, 2024 entry, it imposed the following restrictions on Appellant's ability to initiate legal proceedings:

[Appellant] is prohibited from instituting legal proceedings in the Court of Claims, or in any Court of Common Pleas, Municipal Court or County Court in the State of Ohio unless [Appellant] first obtains leave from that Court to proceed[.]

[Appellant] is prohibited from continuing any legal proceedings that he has instituted in the Court of Claims, in a Court of Common Pleas, Municipal Court or County Court in the State of Ohio, unless [Appellant] first obtains leave from that Court to proceed[.]

[Appellant] is prohibited from making any application, other than an application for leave to proceed under Division (F)(1) of R.C. 2323.52 in any legal proceedings instituted by [Appellant], or another person in the Court of Claims, a Court of Common Pleas, a Municipal Court or a County Court in the State of Ohio[.]

[Appellant] shall not institute legal proceedings in a Court of Appeals, nor shall he continue any proceedings he has instituted in a Court of Appeals prior to 05/06/2024 nor make any application, other than an application for leave to proceed allowed by Division (F)(2) of R.C. 2323.52.

(5/7/24 J.E., pp. 3-4.)

{¶23} Thus, even if the state had sought relief in excess of the relief allowable by law, it is apparent the trial court's entry fully complies with the applicable law. Appellant's second assignment of error is also without merit and is overruled.

ASSIGNMENT OF ERROR NO. 3

Whether the trial court erred and abused its discretion for using Appellant[']s prior attorney's filings in determining whether to declare him a vexatious litigator.

{¶24} Appellant contends that several filings used to determine his status as a vexatious litigator were actually made through counsel, and should not have been considered when determining whether Appellant engaged in vexatious filing. He again claims the trial court's decision otherwise amounted to an abuse of discretion.

{¶25} The state responds that Appellant is prevented from raising arguments not raised before the trial court, as these arguments have been waived. Since Appellant at no time earlier contested the complaint on this basis, he is barred from relying on this argument on appeal. Even so, the state contends that at least eight of Appellant's filings considered by the trial court were filed *pro se.* Thus, even if the court erred in considering filings made by Appellant's counsel, Appellant would still have been found to be a vexatious litigator.

{¶26} Appellant concedes that he "refiled certain motions when they were dismissed or denied due to inadvertent mistakes." (Appellant's Brf., p. 12.) He does not dispute that at least eight of the matters were filed *pro se.* In his answer to the complaint, here, he conceded that he was responsible for the filing of "22 appeals, motions, civil

actions in the nearly six (6) years since his conviction in 2018." (Answer to Complaint, p. 2.) He claims, however, that the state has not shown that these filings were malicious, frivolous, vexatious or habitual, and that all were made in an attempt to secure his "due process" rights.

{¶27} In reviewing the state's complaint in this matter, it contained the following timeline of filings made by Appellant. This listing does not designate which were filed through counsel and which were filed *pro se*:

August 10, 2020: Motion for Judge to Recuse from Proceeding; Motion for Issuance of Subpoena Duces Tecum seeking his defense attorney's cell phone records. (Denied by trial court.)

August 27, 2020: Motion for Prosecution to Recuse from Proceeding.\

September 17, 2020: Motion for Issuance of Subpoena Duces Tecum seeking dash and body camera footage. (Denied by trial court.)

November 30, 2020: Motion for Disclosure of Due Process Materials. (Denied by trial court.)

March 7, 2022: Motion to Compel Discovery Materials. (Denied by the trial court and dismissed by Seventh District Court of Appeals.)

April 4, 2022: Motion for Order to Comply with Discovery Request.

December 15, 2022: Motion for Preliminary Injunction to Preserve Evidence. (Denied by trial court.)

January 31, 2023: Accusation by Affidavit seeking criminal charges against the detective assigned to his criminal investigation. (Denied by the trial court.)

February 8, 2023: Judicial Notice seeking to withdraw his Accusation by Affidavit. (Denied by the trial court.)

March 6, 2023: Second Accusation by Affidavit accusing the detective assigned to his criminal investigation. (Denied by the trial court.)

March 29, 2023: Second Judicial Notice seeking to refile Accusation by Affidavit under a different case number. (Denied by the trial court.)

July 26, 2023: Petition for Disclosure of Grand Jury Testimony and a Motion to Compel. (Cleaned up.)

(Complaint, pp. 4-5.)

{¶28} In addition to these, the state asserts Appellant filed the following writs of mandamus, against almost all of the individuals involved in his prosecution:

March 15, 2021: Writ of Mandamus against the State of Ohio and Judge Washam filed in the Seventh District Court of Appeals, seeking the arrest of Detective Steven Walker. (Dismissed.)

July 2, 2021: Writ of Mandamus against the State of Ohio and Judge Washam seeking the arrest of Assistant Prosecutor Tammie Riley Jones filed in the Seventh District Court of Appeals. (Dismissed.)

July 7, 2021: Writ of Mandamus against the State of Ohio and Judge Washam seeking the arrest of Assistant Prosecutor John Gamble filed in the Seventh District Court of Appeals. (Dismissed.)

August 15, 2022: Writ of Mandamus against Det. Walker, seeking his arrest filed in the Seventh District Court of Appeals. (Dismissed)

June 12, 2022: Writ of Mandamus against visiting Judge Edward O'Farrell, the Columbiana County Clerk of Courts, Columbiana County Sheriff Brian McLaughlin, and Columbiana Prosecutor Vito Abruzzino filed in the Ohio Supreme Court. (Denied.)

September 25, 2023: Writ of Mandamus against "Defendant Have Rights," Columbiana County Public Defenders, Attorney Charles Amato, the Columbiana County Jail, Columbiana County Sheriff's Office Corrections Division, and Columbiana County Sheriff Brian McLaughlin filed in the Ohio Supreme Court. (Pending, however, all respondents have filed a motion to dismiss.)

September 26, 2023: Writ of Mandamus against Columbiana County Prosecutor Vito Abruzzino. (Pending with a motion to dismiss filed.) (Cleaned up.)

(Complaint, pp. 5-6.)

**{¶29}** In determining that Appellant was a vexatious litigator, the trial court did not specify whether it considered all filings made on Appellant's behalf or just the *pro se* filings. However, even if only the *pro se* filings were considered, it is clear Appellant engaged in the practice of filing repetitive motions and proceedings, all of which have been rejected by various courts, including the Columbiana County Common Pleas Court, Seventh District Court of Appeals, and Ohio Supreme Court. It is apparent that each of these filings consisted of some combination of discovery request and attempts to secure the arrest of persons involved in Appellant's prosecution and ultimate conviction.

**{¶30}** The Tenth District recently reviewed whether a court could consider an appellant's "reliance on the advice of past counsel to justify his filings and other actions in prior litigation finding that his personal conduct was vexatious." *Prime Equip. Group, Inc. v. Schmidt,* 2016-Ohio-3472, ¶ 22 (10th Dist.). The *Prime Equip. Group* court reviewed a similar issue where the appellant argued "that he cannot be personally liable to account if his licensed and qualified counsel advised a course of action that was later deemed vexatious." *Id.* at ¶ 22. The court rejected this argument, holding that:

> There is no authority in Ohio on the question of whether a represented party may find refuge behind the advice of his former counsel when explaining his potentially vexatious conduct before the courts. In the context of this case, we conclude that the past advice of counsel does not screen Schmidt from personal accountability for his vexatious conduct. . . . In this case, however, it is obvious that the cumulative impact of the frivolous and unwarranted conduct across multiple cases is attributable to Schmidt,

even if advice of counsel in each instance may - and we assume this solely for purposes of argument - appear facially reasonable when taken in isolation. We conclude that Schmidt's general reliance on advice of counsel in specific instances does not bar a vexatious litigator finding based on his aggregate conduct across an array of cases.

*Id.* at ¶ 23.

**{¶31}** It is readily apparent in this case that each of the twenty-two filings are based on the same or similar arguments and sought similar relief. Thus, it is reasonable to conclude that regardless of whether the filings were made through counsel or *pro se,* they are attributable to Appellant. The filings were repetitious and, as many were refilings in whole or part of matters previously addressed and denied, these appear frivolous. Those seeking arrest of persons involved in his conviction may be characterized as malicious. The trial court had unrebutted evidence in the record on which to find Appellant is a vexatious litigator, as a matter of law. Accordingly, Appellant's third assignment of error is without merit and is overruled.

## ASSIGNMENT OF ERROR NO. 4

Whether the trial court erred for granting judgement [sic] to Appellee without reviewing each case mentioned in the case to determine any frivolous conduct. But instead, consolidated ALL of the Appellant[']s filing into onegroup (sic) when they rendered their decision and judgement (sic) declaring him a vexatious litigator.

**{¶32}** Appellant contends the court could not have diligently reviewed all of Appellant's filings to evaluate their merit, and claims that the court's entry contains only blanket findings regarding the merit of those filings. He also complains that there is no "evidence" in this record that the judge appropriately reviewed these filings.

**{¶33}** In the court's judgment entry, the court specifically states it considered "the certified copies of pleadings, Judgment Entries, and other materials presented to the Court by Plaintiff." (J.E., p. 3.) While the court must review all of the individual filings, it clearly may consider the "overarching legal arguments" in those cases. *Prime Equip. Group* at ¶ 24.

**{¶34}** Thus, these filings may certainly be evaluated both individually and jointly. As previously discussed, the Tenth District affirmed a vexatious litigator designation where "the cumulative impact of the frivolous and unwarranted conduct across multiple cases is attributable to" that appellant. *Id.* at ¶ 23. As to whether the trial court diligently reviewed the matter, it is Appellant's responsibility on appeal to provide some proof that the trial court did not appropriately review the complaint, the summary judgment motions, and all of the evidence appropriately provided. Appellant has cited nothing in this record to suggest the trial court failed to completely review the matter, and the court's judgment entry fully supports the trial court's assertion that it fully considered the motion. Accordingly, Appellant's fourth assignment of error is without merit and is overruled.

Conclusion

**{¶35}** Appellant raises several arguments directed towards the process of assigning a judge to this case and to the merits of that judge's analysis of the merits. While Appellant did not support his counter-motion for summary judgment with any

relevant law or evidence, the state's motion contained a great deal of law and evidence in support.  It is clear from the record that there was no outstanding issue of material fact and judgment was appropriately granted as a matter of law.  For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**